# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David Lee Anderson,                                    Civil No. 10-629 (DWF/FLN)

        Plaintiff,

v.                                                     **MEMORANDUM**
                                                       **OPINION AND ORDER**

John E. Potter, Postmaster General,
USPS; and Mary A. Gibbons, Senior
Vice President, General Counsel,

        Defendants.

_____

James P. McCarthy, Esq., and Jessica L. Meyer, Esq., Lindquist & Vennum PLLP,
counsel for Plaintiff.

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, counsel
for Defendants.

_____

## INTRODUCTION

This matter is before the Court on a Partial Motion to Dismiss and/or for Summary

Judgment brought by Defendant John E. Potter, Postmaster General of the United States

Postal Service ("Defendant" or "USPS").[1]  For the reasons set forth below, the Court

denies the motion.

---

[1]  Plaintiff has agreed to withdraw its claims against Mary Gibbons.  Therefore, all
claims against Gibbons are dismissed with prejudice.

**BACKGROUND**

Plaintiff David Anderson is African-American and more than fifty years old.

Anderson began working as a mail processing clerk at the Minneapolis Processing &

Distribution Center ("Minneapolis P&DC") in Minneapolis, Minnesota, on

March 14, 1987.  (Decl. of Ana H. Voss in Supp. of Partial Mot. to Dismiss and/or for

Summ. J. ("Voss Decl."), ¶ 5, Ex. 3 at 2.)  In or around 2004, Plaintiff began to request

transfers to, among other places, the Batesville, Mississippi Post Office.[2]  (*Id*. at 2-3.)

Plaintiff's transfer requests were denied and Plaintiff filed a complaint of discrimination.

(*Id*. at 2-4.)

Administrative Law Judge Henderson ("ALJ Henderson") heard Plaintiff's first

complaint ("*Anderson I*") and issued an order on May 1, 2006 (the "Henderson Order"),

finding that the USPS had unlawfully retaliated and discriminated against Plaintiff on the

basis of prior Equal Employment Opportunity ("EEO") activity when he was not

transferred to Mississippi in 2004.  (*Id*. at 6-7.)  ALJ Henderson also ordered that Plaintiff

be immediately transferred to a Post Office in the Mississippi District within a certain

distance of Marks, Mississippi.  ALJ Henderson further ordered that Plaintiff be

transferred into a position where he meets the minimum qualifications and is provided at

least 30 hours of work a week.  (*Id*. at 8.)  ALJ Henderson also awarded Plaintiff $2,000

in compensatory damages.  (*Id*. at 7.)

---

[2]     At the time, Plaintiff's father, who lived in Mississippi, was 85 years old and had
vision problems.

Both the USPS and Plaintiff appealed the Henderson Order. The USPS subsequently withdrew its appeal on November 17, 2006, explaining that the USPS "will comply in all respects with the Administrative Judge's ruling regarding the transfer of Mr. Anderson to Mississippi." (Voss Decl. ¶ 6, Ex. 4.) Plaintiff maintained his appeal seeking additional compensatory damages and a "[r]estrictive injunction against firing, harassing, retaliation and discrimination." *Anderson v. Potter*, EEOC 0120063696, 2008 WL 5479212, *2 (E.E.O.C. Nov. 10, 2008).

On November 10, 2008, the Office of Federal Operations ("OFO") affirmed the Henderson Order and notified Plaintiff that if he wished to challenge the decision, he should file an action in federal court within 90 days. (*Id*. at *5.) Plaintiff did not do so.

On or around November 2, 2006, the USPS sent Plaintiff a letter informing him of the procedures for terminating his employment in Minneapolis and transferring him to Batesville, Mississippi, as of November 20, 2006. (Voss. Decl. ¶ 10, Ex. 8 at 8.) Plaintiff's access cards were deactivated, and he was only allowed to enter the building as a visitor with an escort. (*Id*.) On November 6, 2006, Plaintiff refused the transfer in writing. (Aff. of Jessica L. Meyer ("Meyer Aff.") at ¶ 2, Ex. A.)[3] Plaintiff asserts that the USPS effectively terminated his employment in the Minneapolis branch and did not

---

[3]    In the November 6, 2006 letter, Plaintiff explained that the transfer did not meet the requirements set out in the Henderson Order, that he wanted to wait until the appeal before the EEOC was decided, and that he was unable to comply on short notice. (Meyer Aff. at ¶ 2, Ex. A.)

allow him to work in Minneapolis (as he requested) pending the outcome of the EEOC

appeal.

Plaintiff filed a formal complaint of discrimination relating to his alleged forced

transfer to Mississippi on December 18, 2006 ("*Anderson II*"). (Meyer Aff. ¶ 3, Ex. B.)

The agency dismissed this complaint for a failure to state a claim. (*Id.*) The OFO

affirmed the decision on appeal and reconsideration. (*Id.* ¶¶ 4-5, Ex. C, D.) The OFO

notified Plaintiff that he had a right to file suit in federal district court within 90 days.

(*Id.*) Plaintiff did not do so.

On February 9, 2007, Plaintiff filed a second complaint challenging his transfer

("*Anderson III*"). (*Id.* ¶ 6. Ex. E.) The agency dismissed that complaint for failure to

state a claim, and the OFO affirmed the dismissal on appeal and reconsideration.

(*Id.* ¶¶ 6-8, Exs. E, F, G.) The OFO notified Plaintiff that he had a right to file suit in

federal district court within 90 days. Plaintiff did not do so.

During the course of Plaintiff's EEOC complaint about the denial of his transfer to

Mississippi, Plaintiff also filed an unrelated EEO complaint ("*Anderson IV*"). This

complaint addressed two disciplinary suspensions that Plaintiff received. Plaintiff moved

to amend his complaint in *Anderson IV* to add allegations related to his alleged forced

transfer. (Voss Decl. ¶ 9, Ex. 7.) Administrative Law Judge Hamilton ("ALJ Hamilton")

permitted the amendment over the objections of the USPS. On September 30, 2008, ALJ

Hamilton issued an order in *Anderson IV* finding no discrimination with respect to a

5-day suspension but finding discrimination with respect to a 10-day suspension. ALJ

Hamilton also determined that Plaintiff established that he was discriminated against

when the USPS treated him unfavorably regarding his transfer to Mississippi. (Voss

Decl. ¶10, Ex. 8 at 9-11.)  ALJ Hamilton awarded Plaintiff $20,000 in compensatory

damages, back pay to be determined by the parties, removal of the 10-day suspension

from his record, and an offer of reinstatement in Minneapolis. (*Id*. at 11-12.)

Both parties appealed this decision to the OFO.  In an order dated

December 1, 2009, the OFO affirmed ALJ Hamilton's order finding no discrimination

with respect to the 5-day suspension, affirmed the finding of discrimination with respect

to the 10-day suspension, and *vacated* the decision permitting amendment of Plaintiff's

claims to include the forced transfer claim.  *Anderson v. Potter*, Appeal No. 0720090016,

2009 WL 4731301, *3-5 (E.E.O.C. Dec. 1, 2009).  The OFO reasoned:

> Following a review of the record, we find [ALJ Hamilton] erred in
> accepting the complainant's motion to amend.  As noted above, the transfer
> claim was previously addressed by the Commission in *Andersons I, II, &
> III*.  The matter should not have been accepted as a distinct and new claim
> but should have been treated as an issue of compliance with [ALJ
> Henderson's] order in *Anderson I*.  We therefore VACATE [ALJ
> Hamilton's] decision with regard to the finding of reprisal when
> management sought to transfer the complainant to Mississippi.

(*Id*. at *5.) The OFO also reduced Plaintiff's compensatory damages from $20,000 to

$5,000 and remanded the issue with respect to Plaintiff's forced transfer claim with

instructions that it be handled as a compliance matter with respect to ALJ Henderson's

original order in *Anderson I*.  *Id*. at *7.  In particular, the OFO stated:

> . . . [T]he Administrative Judge [assigned to this file] shall issue a decision
> on the claim deciding whether or not the agency is in compliance with the
> decision in *Anderson I*.  Thereafter, the agency shall issue a final action in
> accordance with 29 C.F.R. § 1614.110.

Despite its decision to vacate with respect to the transfer issue, the OFO

went on to explain:

> This decision affirms the agency's final decision/action in part, but it also
> requires the agency to continue its administrative processing of a portion of
> your complaint. You have the right to file a civil action in an appropriate
> United States District Court **within ninety (90) calendar days** from the
> date that you receive this decision *on both that portion of your complaint*
> *which the Commission has affirmed and that portion of the complaint*
> *which has been remanded for continued administrative processing. . . .* If
> you file a request to reconsider and also file a civil action, **filing a civil**
> **action will terminate the administrative processing of your complaint**.

(*Id*. at \*5, 7-8) (italics added).

There is no dispute that Plaintiff timely filed this action within 90 days of the final

action from the OFO. On March 15, 2010, the administrative court subsequently

dismissed all related administrative claims because Plaintiff filed suit in this Court.

(Voss Decl. ¶ 12, Ex. 10.)

## DISCUSSION

## I.      Legal Standard

### A.      Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in

the complaint to be true and construes all reasonable inferences from those facts in the

light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.

1986). In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City*

*of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B. Summary Judgment

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed

'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.    Plaintiff's Forced Transfer Claim

Defendant asserts that Plaintiff's claims related to his alleged forced transfer to Mississippi should be dismissed. First, Defendant asserts that Plaintiff has not exhausted his administrative remedies with regard to his transfer to Mississippi because there is no final agency action for the Court to review. Second, Defendant asserts that Plaintiff's allegations regarding his transfer are questions of compliance with the Henderson Order in *Anderson I* and cannot be brought as a separate complaint. Third, Defendant asserts that summary judgment on Plaintiff's transfer claim is appropriate because the EEO has found the USPS to be in compliance and Plaintiff cannot file a complaint in this Court seeking enforcement because he never filed a petition for enforcement with the OFO under 29 C.F.R. § 1614.503. The crux of Defendant's argument is that Plaintiff is improperly attempting to re-litigate the Henderson Order in *Anderson I*.

Defendant does not dispute that Plaintiff timely filed in this Court with respect to Plaintiff's claims related to the two disciplinary suspensions that were the subject of the Hamilton Order. Defendant claims, however, that Plaintiff's forced transfer claim is not properly before the Court because there is no final agency action with respect to this claim under 42 U.S.C. § 2000e-16(c). In support, Defendant points out that while Plaintiff amended his Complaint in *Anderson IV* to add allegations related to his alleged forced transfer to Mississippi, the OFO vacated the decision permitting the amendment and ordered a partial remand of Plaintiff's complaint for consideration of "whether or not the agency is in compliance with the decision in Anderson I." *Anderson v. Potter*, 2009 WL 4731301, at *7. The OFO, however, also specifically provided that Plaintiff had a "right to file a civil action . . . on both that portion of your complaint which the Commission has affirmed *and that portion of the complaint which has been remanded for continued administrative processing*." (*Id*. at *7-8) (italics added).

This matter is complicated by the fact that the OFO's order in *Anderson IV* appears to be contradictory—in that it both vacates the decision permitting Plaintiff to amend his complaint to include his transfer claim but also notifies Plaintiff of his right to sue on that claim. Moreover, after Plaintiff filed the present action in a timely fashion, the administrative law judge dismissed Plaintiff's EEOC case. Thus, there is currently no other venue where Plaintiff's claims are pending. There being no pending administrative action addressing the forced transfer claim, and in light of the OFO's notification to Plaintiff of his right to sue on this claim, the Court deems the issue of Plaintiff's alleged forced transfer properly before it.

Defendant also argues that the allegations relating to the transfer are questions of compliance with ALJ Henderson's order and that the Court should grant summary judgment because the EEOC has found the USPS to be in compliance. The Court disagrees. First, the Court is not convinced that this is a simple matter of compliance. Plaintiff asserts that the USPS discriminated and/or retaliated against him in transferring him to Mississippi by, for example, requiring Plaintiff's immediate departure. Viewing the facts in the light most favorable to Plaintiff, a fact-finder could determine that there was discriminatory or retaliatory conduct on the part of the USPS, despite its asserted technical compliance with the Henderson Order.

Moreover, even if this case was one simply of compliance, that issue is still properly before the Court. As discussed above, the OFO remanded the Hamilton Order and ordered the administrative law judge to issue a decision on whether the USPS is in compliance with the Henderson Order in *Anderson I* but at the same time, notified Plaintiff of his right to sue on the transfer issue. After Plaintiff filed the current suit, the administrative law judge handling the remand dismissed Plaintiff's pending administrative claims. Accordingly, no administrative law judge issued a decision on compliance.

Finally, the Court determines that it is premature to issue summary judgment on the issue of whether the USPS engaged in discriminatory conduct in its handling of Plaintiff's transfer. There are genuine issues of material fact with regards to the manner in which the USPS transferred Plaintiff to Mississippi. In particular, fact issues remain as

10

to whether the USPS violated EEOC rules by engaging in discrimination and/or

retaliation in transferring Plaintiff to Mississippi.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth

above, **IT IS ORDERED** that:

1.      Defendant's Partial Motion to Dismiss and/or for Summary

Judgment (Doc. No. [17]) is **DENIED**.

2.      All claims against Defendant Mary Gibbons are **DISMISSED**

**WITH PREJUDICE**.

Dated:  December 10, 2010                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge